UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PLYMOUTH ROCK ASSURANCE CORP., as subrogee of PABLO SANTIAGO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>　　　　Defendant. | Civil Action No.<br>23-10757-FDS |

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS

**SAYLOR, C.J.**

This is a dispute arising out of a collision between vehicles driven by Pablo Santiago and United States Postal Service ("USPS") employee Robert Washington. Plaintiff Plymouth Rock Assurance Corporation, the insurer for Santiago, has sued USPS under the Federal Tort Claims Act, seeking reimbursement for the personal injury protection ("PIP") benefits it paid to Santiago.

Defendant USPS has moved to dismiss the complaint for lack of subject-matter jurisdiction. For the following reasons, the motion will be granted.

**I.　Background**

According to the complaint, on December 23, 2020, Robert Washington, a USPS employee, "was operating a motor vehicle owned by [USPS] on Union Street in Springfield, Massachusetts." (Docket No. 1, ¶ 5-6). "At that same time, Pablo Santiago was operating a

motor vehicle in a safe manner heading in the opposite direction on Union Street." (*Id.* at ¶ 7). As the two vehicles passed one another, "Mr. Washington's vehicle strayed out of its lane and struck the left side of Mr. Santiago's vehicle," injuring Santiago and his passenger. (*Id.* at ¶ 8). Plymouth Rock Assurance Corporation subsequently "paid insurance proceeds" to Santiago "for these damages under the PIP portion of his policy." (*Id.* at ¶ 11).

On April 10, 2023, Plymouth Rock filed a complaint against USPS seeking reimbursement for those payments. On August 15, 2023, USPS filed a motion to dismiss for lack of subject-matter jurisdiction.

## II.     Standard of Review

On a motion to dismiss for lack of subject-matter jurisdiction, "the party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (quoting *Taber Partners, I v. Merit Builders, Inc.*, 987 F.2d 57, 60 (1st Cir. 1993)). If the party seeking to invoke federal jurisdiction "fails to demonstrate a basis for jurisdiction," the motion to dismiss must be granted. *Id.* As with other motions to dismiss, when ruling on such a motion the court "must credit the plaintiff's well-[pleaded] factual allegations and draw all reasonable inferences in the plaintiff's favor." *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010). *See also Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (noting that the court on a motion to dismiss "must assume the truth of all well-plead[ed] facts and give . . . plaintiff the benefit of all reasonable inferences therefrom") (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).

## III.    Analysis

The parties do not appear to dispute that USPS is an agency of the United States government for purposes of determining liability in this matter.

The Federal Tort Claims Act ("FTCA") "grants the federal district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity and rendered itself liable." *FDIC v. Meyer*, 510 U.S. 471, 477 (1994) (internal quotation marks omitted). That category of claims includes those for money damages against the United States "for . . . personal injury . . . caused by the negligent or wrongful act . . . of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). As the Supreme Court has "consistently held," the reference in § 1346(b)(1) to "the 'law of the place' means law of the State—the source of substantive liability under the FTCA." *Meyer*, 510 U.S. at 478. Here, the "law of the place" is the law of Massachusetts.

USPS contends that "the government—if a private person—would not be liable to Plaintiff under Massachusetts law." (Docket No. 9, 4). Accordingly, "[t]he Court should dismiss the complaint for lack of jurisdiction because the United States has not waived its sovereign immunity over claims such as Plaintiff's." *Id.*

Pursuant to Mass. Gen. Laws ch. 90, § 34M, "[e]very motor vehicle liability policy . . . issued or executed in this commonwealth shall provide personal injury protection benefits." At the same time, § 34M makes "[e]very owner, registrant, operator or occupant of a motor vehicle to which personal injury protection benefits apply who would otherwise be liable in tort . . . exempt from tort liability for damages." Mass. Gen. Laws ch. 90, § 34M; *see also Estrada v. Progressive Direct Ins. Co.*, 53 F. Supp. 3d 484 (D. Mass. 2014) ("Put differently, 'the accident victim loses his right to recover in tort to the extent he is eligible for [PIP] benefits.'") (quoting *Pinnick v. Cleary,* 360 Mass. 1, 8 (1971)).

Section 34M also provides that any insurer paying PIP benefits to an injured party "shall be subrogated to that exact extent to the rights of any party it pays." Mass. Gen. Laws ch. 90, § 34M. Thus, an insurer "may bring an action in tort against any person liable for such damages in tort who is *not exempt* from said liability as a result of the provisions of this section." *Id.* (emphasis added).

Here, USPS, if a private person, would not be liable to plaintiff under Massachusetts law. Courts in this district have held that USPS qualifies as the "owner/operator of a motor vehicle 'to which personal injury protection benefits apply'—i.e., an owner/operator which is itself covered by PIP insurance." *See, e.g.*, *Safety Ins. Co. v. U.S. Post Off.*, 32 F. Supp. 2d 484, 485 (D. Mass. 1999) (granting the government's motion to dismiss in an FTCA action brought by an insurance company seeking reimbursement for damages paid to its insured). That is because "the federal government provides its employees with financial security at least equivalent to the insurance contemplated by state law." *Id.* (quoting *Commercial Union Insurance Co. v. United States,* No. 91–10091–WF, slip op. at 4-5 (D. Mass. Oct. 27, 1992)).[1] Accordingly, USPS is "exempt from tort liability (reimbursement) for the PIP damages already paid by the plaintiff-insurer to its

---

[1] Plaintiff submits that even if it could not receive reimbursement from USPS in its capacity as the owner/operator of a motor vehicle, it should be able to receive reimbursement from USPS as the *insurer* of a motor vehicle. Courts, however, have rejected that theory of recovery. *See, e.g.*, *Cont'l Ins. Co. of N.J. v. United States*, 335 F. Supp. 2d 532, 543 (D.N.J. 2004) ("[T]he FTCA does not confer jurisdiction for the U.S. to be sued as an insurer," and "the U.S. has not waived immunity to be sued as an insurer."); *U.S. Fid. & Guar. Co. v. United States*, 728 F. Supp. 651, 655 (D. Utah 1989) ("Sovereign immunity is waived in the Federal Tort Claims Act to the extent a private individual in similar circumstances would be liable and not to the extent a private individual's insurer would be.").

In addition, USPS "could not be made subject to the mandatory arbitration procedure specified" in § 34M. *See Liberty Mut. Ins. Co. v. United States*, 490 F. Supp. 328, 334 n.9 (E.D.N.Y. 1980). Section 34M provides that the "[d]etermination as to whether any insurer is legally entitled to recover any such expense from another insurer shall be made by agreement between the involved insurers, or, if they fail to agree, by arbitration in accordance with the provisions of the General Laws." Mass. Gen. Laws ch. 90, § 34M. That mandatory arbitration procedure "would conflict with the administrative arrangement established in the Federal Tort Claims Act." *Liberty Mut. Ins. Co.*, 490 F. Supp. at 334 n.9.

insured," and the claim here does not fall into the category of claims over which this Court maintains jurisdiction under the FTCA. *Id.*[2]

Plaintiff contends "that, notwithstanding 34M's provisions, paying insurers have a right to subrogate under equitable principles." (Docket No. 10, 11). The issue here, however, is not the right of plaintiff to subrogate. As set forth above, § 34M makes clear that insurers "*shall be subrogated* to that exact extent to the rights of any party it pays." Mass. Gen. Laws ch. 90, § 34M (emphasis added). Instead, the controlling issue is whether Santiago—the party paid by plaintiff—would have the right to recover in tort. Here, given his eligibility for PIP benefits, he cannot. Plaintiff therefore is similarly limited. Furthermore, even if plaintiff could somehow expand Santiago's rights by relying on principles of equity, the FTCA only grants federal district courts jurisdiction over claims "for money damages." 28 U.S.C. § 1346(b)(1). It does not "authorize equitable relief." *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011); *see also Keough v. United States*, No. 20-cv-10311-DJC, 2021 WL 5882407, at *3 (D. Mass. 2021) ("[T]he FTCA only waives sovereign immunity for claims for money damages.").

## IV.   Conclusion

For the foregoing reasons, defendant's motion to dismiss is GRANTED.

---

[2] Federal courts outside of this district have arrived at the same conclusion. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. United States*, No. 2:04-CV-0149TS, 2005 WL 8177133, at *3 (D. Utah 2005) ("Every federal court which has considered this issue under similar state no-fault laws has reached the same conclusion: the United States is in like circumstances to a private party who has complied with the no-fault law's insurance requirements and, therefore, has not waived its sovereign immunity to a claim by an injured's insurer for reimbursement of paid PIP benefits."); *State Farm Mut. Auto. Ins. Co. v. U.S. Postal Serv.*, No. CV-09-1325-SU, 2010 WL 546384, at *6 (D. Or. 2010) ("Other federal districts that have faced the issue whether a PIP insurer can recover against the United States have concluded that the court has no jurisdiction to hear such cases."); *State Farm Indem. Co. v. United States*, No. 12-3667-DMC, 2013 WL 1405211, at *2 (D.N.J. 2013) ("[B]ecause the United States has not waived its sovereign immunity with respect to claims brought under [state law] to seek reimbursement of PIP payments, the Court lacks subject matter jurisdiction over Plaintiffs Complaint.").

**So Ordered.**

                                                       /s/ F. Dennis Saylor IV
                                                       F. Dennis Saylor IV
Dated:  November 27, 2023                    Chief Judge, United States District Court